<pre>
 1                   UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
 2                         EASTERN DIVISION

 3
     UNITED STATES OF AMERICA,       Case No. 5:15-cr-323
 4                                   Cleveland, Ohio
                 Plaintiff,
 5
          vs.                        MONDAY, OCTOBER 19, 2015
 6
     DAVID K. TURNER,
 7
                 Defendant.
 8

 9        TRANSCRIPT OF CHANGE OF PLEA HEARING PROCEEDINGS
             BEFORE THE HONORABLE DAN AARON POLSTER
10                UNITED STATES DISTRICT JUDGE

11

12   APPEARANCES:

13   For the Government:      Brian M. McDonough,
                              Assistant United States Attorney
14

15   For the Defendant:      Carolyn M. Kucharski,
                              Assistant Federal Public Defender
16

17

18

19   Official Court Reporter: Sarah E. Nageotte, RDR, CRR, CRC
                              United States District Court
20                            801 West Superior Avenue
                              Court Reporters 7-189
21                            Cleveland, Ohio 44113
                              (216) 357-7186
22

23

24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
</pre>

```
 1              (Proceedings commenced at 12:20 p.m.)

 2                           - - -

 3              THE COURT:  Sorry for the delay.  I had to

 4    conclude a civil matter.

 5              This is Case 5:15-cr-323, United States versus David

 6    K. Turner.

 7              Mr. Turner is here with Ms. Kucharski.

 8              And for the Government, Mr. McDonough.

 9              We're here for arraignment.

10              Mr. Turner, you've been charged --

11              MS. KUCHARSKI:  Your Honor, we're here for a

12    change of plea.

13              THE COURT:  All right.  Has he been arraigned?

14                   (Pause in Proceedings)

15              THE COURT:  All right.  I apologize.  Because

16    I didn't see the note here.

17              It's my understanding, then, Mr. Turner and Ms.

18    Kucharski, that your client is prepared to withdraw his

19    previously entered plea of not guilty and to enter a guilty

20    plea to the Indictment and that there is no plea agreement.

21              Is that correct?

22              MS. KUCHARSKI:  That's correct, Your Honor.

23              THE COURT:  All right.  And, Mr. Turner, you

24    have a very experienced lawyer, and I'm confident that Ms.

25    Kucharski has covered with you the matters I'm about to
```

1 cover, but the law requires that before I can accept your

2 guilty plea, I must have a conversation to establish a few

3 things.

4     First, that you are competent to enter a guilty plea.

12:21:54 5     Second, that you've come to this decision knowingly

6 and voluntarily.

7     I want to make sure you understand all of the rights

8 you have and the rights you're giving up by pleading guilty,

9 and, of course, I need to make sure no one has threatened

12:22:11 10 you or pressured you.

11     I want to make sure you have a good understanding of

12 how your sentence will be determined.

13     I have to make sure there's a factual basis. You have

14 to admit to conduct which tells me that you're guilty.

12:22:23 15     And I need to do it on the record with our court

16 reporter so that any reviewing court can see what I've done.

17     Do you understand all that?

18         THE DEFENDANT: Yes, Your Honor.

19         THE COURT: And I need to place you under

12:22:35 20 oath, so if you can raise your right hand.

21         (Defendant was sworn)

22         THE COURT: All right. Mr. Turner, how old

23 are you, please?

24         THE DEFENDANT: 24.

12:22:50 25         THE COURT: And how far did you get in school?

1          THE DEFENDANT:  I graduated high school.

2          THE COURT:  In the last 12 months, have you

3     been treated for any mental or psychiatric condition?

4          THE DEFENDANT:  Bipolar disorder, Your Honor.

12:23:04  5          THE COURT:  All right.  Are you taking

6     medication?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Are you on it today?

9          THE DEFENDANT:  No, Your Honor.

12:23:10 10         THE COURT:  Oh, you're not taking it today?

11         THE DEFENDANT:  No, Your Honor.

12         THE COURT:  When's the last time you had it?

13         THE DEFENDANT:  A couple weeks ago.

14         THE COURT:  Well, how do you feel?

12:23:27 15         THE DEFENDANT:  I'm working on trying to get

16    some other medications.  I've been struggling to sleep at

17    night, so I'm not up when they call for my medications in

18    the morning.  So I'm trying to get some stuff straightened

19    out so I can take all the medications required.

12:23:40 20         THE COURT:  Okay.  Do you feel you're

21    understanding everything I'm saying?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  I mean, are you either -- I take

24    it you're not so exhausted that you can't comprehend what

12:23:50 25    I'm saying?

1           THE DEFENDANT:  No, Your Honor.

2           THE COURT:  All right.  All right.  Are you --

3   are you under the influence of any drugs or alcohol or

4   medication that might affect your ability to understand

5   what's going on?

6           THE DEFENDANT:  No, Your Honor.

7           THE COURT:  Do either counsel know of any

8   reason why Mr. Turner is not competent to enter a guilty

9   plea today?

10          MS. KUCHARSKI:  No, Your Honor.

11          MR. McDONOUGH:  No, Your Honor.

12          THE COURT:  Thank you.

13      And I should say for the record, Mr. Turner seems

14  alert, focused, having no difficulty communicating with me.

15      All right.  Mr. Turner, you understand you're

16  proposing to plead guilty to this Indictment.

17      I just noticed that Count 4, the copy I have refers to

18  David Vickers.

19          MS. KUCHARSKI:  That's correct.

20          THE COURT:  That should be David Turner or is

21  he a different person?

22          MR. McDONOUGH:  That's correct, Your Honor.

23  That's a typo in the Indictment.

24          THE COURT:  All right.

25          MR. McDONOUGH:  It should be David K. Turner.

1          THE COURT:  All right.  That's what I figured.

2          MS. KUCHARSKI:  And we have no objection to

3    the amendment.

4          THE COURT:  All right.  I'm going to say the

12:25:05  5    typographical error in Count 4 is corrected.  It should read

6    David K. Turner.

7          All right.  Mr. Turner, you're charged in all four

8    counts of the Indictment.

9          Count 1 charges you with persuading, inducing,

12:25:35 10    enticing a 14-year-old girl to engage in sexually explicit

11    conduct, for the purpose of producing a visual depiction of

12    such conduct, on or about July 9th of this year.

13          Mr. McDonough, what's the maximum penalty for Count 1?

14          MR. McDONOUGH:  Your Honor, the maximum

12:25:58 15    penalty for Count 1 would be 30 years.  There is a mandatory

16    minimum of 15 years as well.

17          THE COURT:  All right.  And how many -- what's

18    the minimum supervised release?  And I assume it's up to

19    life?

12:26:16 20          MR. McDONOUGH:  The minimum supervised release

21    is five years, and the maximum is life.

22          THE COURT:  All right.  And a 250 -- $250,000

23    fine?  And the $100 special assessment?

24          MR. McDONOUGH:  Yes.

12:26:29 25          THE COURT:  All right.  Count 2 is using

1    interstate commerce facilities to entice the 14-year-old

2    girl.

3          And what's the maximum penalty there?

4                MR. McDONOUGH:  Maximum penalty is life.  The

12:26:48  5    mandatory minimum is ten years.  And it's a five years to

6    life supervised release, $250,000 fine, and $100 special

7    assessment.

8                THE COURT:  Okay.  Count 3 is interstate

9    travel for the purpose of engaging in elicit conduct with

12:27:09  10   the 14-year old.

11         And what's the penalties there?

12               MR. McDONOUGH:  The maximum penalty is 30

13   years.  There is no mandatory minimum.  There's a $250,000

14   fine.  And five years to life supervised release.  $100

12:27:24  15   special assessment.

16               THE COURT:  Okay.  And then, Count 4, the one

17   we've corrected the name, this is a distribution of a -- of

18   a computer file containing a depiction of a real minor

19   engaged in sexually explicit conduct.

12:27:43  20         What are the penalties there?

21               MR. McDONOUGH:  The maximum penalty is 20

22   years.  There is a mandatory minimum of five years.

23   $250,000 fine.  Five year to life supervised release.  And

24   $100 special assessment.

12:27:57  25               THE COURT:  Okay.  And, Mr. Turner, supervised

1    release is a period after any prison sentence.  The main

2    condition is not committing any new crime.  There may be

3    drug testing or other conditions.

4         If you violate any condition of supervised release,

12:28:11  5    you come back to me for a hearing.  You could be sent back

6    to prison.

7         You understand that?

8                   THE DEFENDANT:  Yes, Your Honor.

9                   THE COURT:  All right.  Have you discussed

12:28:24 10    your decision to plead guilty carefully with Ms. Kucharski?

11                   THE DEFENDANT:  Yes, Your Honor.

12                   THE COURT:  And have you had a chance to ask

13    her any questions about it that you might have had?

14                   THE DEFENDANT:  Yes, Your Honor.

12:28:35 15                   THE COURT:  All right.  Without giving me any

16    details of your discussions with your lawyer, have you

17    discussed generally with her what the Government's evidence

18    would be against you if the case were to go to trial?

19                   THE DEFENDANT:  Yes, Your Honor.

12:28:48 20                   THE COURT:  And again, without giving me any

21    details, have you discussed generally with her what, if any,

22    challenges or defenses you might have to the Government's

23    evidence, again, if this case were to go to trial?

24                   THE DEFENDANT:  Yes, Your Honor.

12:28:59 25                   THE COURT:  And are you satisfied with your

1    lawyer's representation of you?

2                  THE DEFENDANT:  Yes, Your Honor.

3                  THE COURT:  Now, Mr. Turner, has anyone

4    threatened you or pressured you in any way to get you to

12:29:09  5    come in here today and plead guilty?

6                  THE DEFENDANT:  No, Your Honor.

7                  THE COURT:  Put another way, are you here

8    voluntarily because after discussing this with your lawyer,

9    and possibly some family members, you've decided this is the

12:29:19 10    best thing to do under the circumstances?

11                  THE DEFENDANT:  Yes, Your Honor.

12                  THE COURT:  All right.  I've just covered the

13    maximum penalties with you.

14        Have you discussed with Ms. Kucharski the federal

12:29:34 15    advisory sentencing guidelines and how they're likely to

16    work in your case?

17                  THE DEFENDANT:  Yes, Your Honor.

18                  THE COURT:  All right.  I'm sure Ms. Kucharski

19    has told you that the guidelines are only advisory, but that

12:29:45 20    I'm required to calculate the advisory range correctly and

21    consider it along with all the other factors set out in the

22    statute in computing your sentencing -- your sentence, and,

23    of course, there are mandatory minimums here as Mr.

24    McDonough just said.

12:30:02 25        All right.  Mr. McDonough, Ms. Kucharski, have you

1  taken a look at the advisory guideline range and where do

2  you think it may come out?

3            MR. McDONOUGH:  Yes, Your Honor.

4       I did a preliminary estimate on the guideline range

12:30:17  5  for all four offenses, and included grouping, and the

6  Government's estimate is that after acceptance of

7  responsibility, the defendant would be at a guideline level

8  38 for an advisory -- a guideline range of 235 to

9  293 months.

12:30:39 10            THE COURT:  Okay.  Ms. Kucharski, does that

11  look about right to you?

12       I mean, there may be some aggravating factors that you

13  might dispute.

14            MS. KUCHARSKI:  Yes, Your Honor.

12:30:51 15       I've taken a look at the guideline proposal that the

16  Government prepared, and as of right now, it -- it appears

17  to be fairly accurate.

18            THE COURT:  Okay.  Well, Mr. Turner, again, I

19  won't know your advisory range until I get the presentence

12:31:14 20  report, but two very able lawyers have put you up there

21  almost at the top of the chart.

22       So if you are at a 41, and you're eligible for the

23  two-level adjustment for acceptance of responsibility, and

24  the third level off for the timely guilty plea, if the

12:31:33 25  Government makes that motion, that puts you at a 38.

1    I gather from what Mr. McDonough said that it looks

2   like you're in Criminal History Category I, the lowest one.

3    That's 235 to 293 months.  And there's no parole.  So

4   if you get 235 months, that's what you have to serve.

12:31:54   5    You understand that?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  And again, under no circumstances

8   can your sentence be below 180 months because that's the

9   mandatory minimum for Count 1 and that's what Congress has

12:32:10  10   set.

11            You understand that?  You understand that?

12            THE DEFENDANT:  Yes, Your Honor.

13            THE COURT:  Okay.  Do you understand, Mr.

14   Turner, as you appear before me now, you are presumed not

12:32:31  15   guilty of all four of these crimes?

16            You're entitled to a trial.  I believe we have set

17   one.  At that trial, you would not have to prove your

18   innocence.  Mr. McDonough would have to prove your guilt and

19   he would have to do it through the sworn testimony of

12:32:49  20   witnesses -- excuse me -- and through admissible documents

21   and other physical evidence.

22            And the jury would be instructed, I'd instruct them

23   they could not convict you unless and until they had heard

24   and received evidence which convinced them beyond a

12:33:05  25   reasonable doubt that you were guilty.

1    You understand that?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  And your lawyer, Ms. Kucharski,

4    would be able to challenge, to confront, to cross-examine

12:33:14  5    all of the Government's evidence against you.

6         Do you understand that?

7                THE DEFENDANT:  Yes, Your Honor.

8                THE COURT:  And at the end of the Government's

9    case, you would -- and then, you have no burden to put on

12:33:25 10    evidence, but you would have the right to put on evidence,

11    and that means that you could call witnesses and introduce

12    documents tending to show that you were not guilty of these

13    crimes.

14         You understand that?

12:33:35 15                THE DEFENDANT:  Yes, Your Honor.

16                THE COURT:  And if there was someone whom you

17    wanted to call as a witness and that person didn't want to

18    come to court voluntarily, Ms. Kucharski would go downstairs

19    and get a subpoena.

12:33:46 20         A subpoena is simply a written command to someone to

21    show up at a specific time to be a witness.  And if someone

22    whom you had subpoenaed didn't come to court when he or she

23    was supposed to be here, I would direct one of our deputy

24    marshals to go out and find that person and bring him or her

12:34:02 25    into court so you could have your defense.

1          Do you understand that?

2                    THE DEFENDANT:  Yes, Your Honor.

3                    THE COURT:  Now, at your trial, you would have

4     the absolute right either to testify, or not, and it would

12:34:13  5     be strictly your own decision to make.

6          You understand that?

7                    THE DEFENDANT:  Yes, Your Honor.

8                    THE COURT:  And if you chose to testify, you

9     would get on that witness stand there to my right, you'd

12:34:21  10    answer Ms. Kucharski's questions, and then Mr. McDonough's

11    questions.

12         You understand that?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  And if you chose not to testify,

12:34:28  15    nobody could say a single word about the fact you chose not

16    to testify.

17         Do you understand that?

18                   THE DEFENDANT:  Yes, Your Honor.

19                   THE COURT:  If I accept your guilty plea

12:34:36  20    today, we won't have any of that -- no trial, witnesses,

21    documents, cross-examination -- you'll be found guilty,

22    we'll come back in about three months for sentencing, and

23    you won't be able to say, gee, I made a mistake, I want a

24    trial.

12:34:47  25         Do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Okay.  Mr. Turner, at this point,

3  I'm going to ask Mr. McDonough to place on the record the

4  evidence he expects to be able to prove to a jury beyond a

5  reasonable doubt.  And I want you to listen carefully to

6  that.

7     And before I do that, Ms. Kucharski, Mr. McDonough, do

8  you think I have neglected to cover anything which I need to

9  cover?

10         MR. McDONOUGH:  No, Your Honor.

11         MS. KUCHARSKI:  No, Your Honor.

12         THE COURT:  I want to ask you once again, Mr.

13  Turner, has anyone threatened you or pressured you in any

14  way, shape, or form to get you to come in here today to

15  plead guilty?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  Put another way, are you here

18  voluntarily because after discussing this with your lawyer,

19  and maybe some family members, you decided this is the best

20  thing to do under the circumstances?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Okay.  All right.  Mr. McDonough,

23  you can place the factual basis on the record, please.

24         MR. McDONOUGH:  Your Honor, if this matter

25  were to proceed to trial, the Government could prove the

1    following facts beyond a reasonable doubt.

2         On July 9th, 2015, the Massillon Police Department was

3    able to apprehend the defendant at a bus stop in -- in

4    Massillon, Ohio.

12:36:07  5         The defendant was originally from the state of

6    Tennessee and had been corresponding with a 14-year-old girl

7    via Facebook through the Internet.

8         During that time, a relationship developed.  The

9    defendant was aware that the juvenile was 14-years old.

12:36:31 10    They discussed having sex.  The defendant was able to have

11    the juvenile wire transfer some money, babysitting money to

12    him.  He was then able to travel by bus from the state of

13    Tennessee to the state of Ohio.

14         He eventually was able to get a ride and was able to

12:36:53 15    pick up the juvenile.  The -- they ended up going to the

16    Towne Manner Motel in Canton where the defendant engaged in

17    vaginal, anal, and oral intercourse with the victim.

18         The defendant recorded the oral sex and intercourse

19    via his phone.  Using the Facebook app, the defendant was

12:37:23 20    able to distribute that to a third party out of state.

21         It was the defendant's intention to have a three-way

22    relationship with the juvenile, as well as another adult

23    female who was in the state of Wyoming.

24         Your Honor, the Massillon police did contact Special

12:37:51 25    Agent Suzanne Lewis-Johnson of the FBI.  She was able to

1   obtain a search warrant for the defendant's phone.

2       On the defendant's phone -- via Facebook search

3   warrant, she was able to determine on the phone that there

4   was a video on the phone of the oral sex.

12:38:07 5       The special agent also found text messages sent to the

6   third party in Wyoming.

7       The juvenile's phone was also apprehended and there

8   was contact between the defendant and the juvenile on that.

9       All the activities took place in July -- on July 9th,

12:38:32 10  2015 at the Towne Manner Motel, which is located in the

11  Northern District of Ohio, Eastern Division.

12      Through the defendant's own interview with law

13  enforcement, where he was Mirandized, he did admit to

14  knowing her age of 14 years at the time and to engaging in

12:38:51 15  sexually explicit conduct with her.

16      In the interview with the juvenile, she indicated that

17  the phone was used to go ahead and transmit the depiction of

18  the sexual conduct via -- via the phone, and as the special

19  agent found out, via the Facebook app through the Internet

12:39:14 20  out of state, and that that video file was in fact a

21  computer file which contained a visual depiction of the real

22  minor engaging in sexually explicit conduct with the

23  defendant.

24          THE COURT:  All right.  Mr. Turner, is that

12:39:36 25  what you did in this case, sir?

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  All right.  Mr. Turner, I'm

3 satisfied based upon my conversation with you today that you

4 are competent to enter a guilty plea, that you have come to

12:39:50 5 this decision knowingly and voluntarily, that you understand

6 the rights you have, and the rights you are giving up by

7 pleading guilty.

8    You have a good understanding of how your sentence

9 will be determined.  And there is a factual basis, you have

12:40:05 10 admitted conduct which tells me that you're guilty.

11    So what I'm telling you, sir, is if you tell me you're

12 guilty, I will find you guilty.

13    Do you understand that?

14    THE DEFENDANT:  Yes, Your Honor.

12:40:14 15    THE COURT:  Based on everything I have said

16 and what Ms. Kucharski has said and what Mr. McDonough has

17 said, how do you plead to Counts 1, 2, 3, and 4?

18    THE DEFENDANT:  Guilty, Your Honor.

19    THE COURT:  I find you guilty of those four

12:40:26 20 counts.

21    I'll refer this to the Probation Department for a

22 presentence report.  The officer will interview you, get

23 your version of the facts, research your employment,

24 education, family, financial background, talk to the

12:40:38 25 Government, get its version.

1        The officer will prepare a draft of the report.  You

2   should go over it carefully with your lawyer.  If you feel

3   there are any inaccuracies, make those known.  Mr. McDonough

4   has the same opportunity.

12:40:52  5        The officer will prepare a final version of the

6   report.  That's the one I'll use at sentencing.  And if

7   there are any unresolved objections, I'll need to decide

8   those then.

9        And if the lawyers are available, I'd like to do the

12:41:04 10   sentencing Wednesday, January the 13th, at 12:30.

11        Mr. Turner stays detained.

12        Okay.  Anything further from the Government or the

13   defendant?

14             MR. McDONOUGH:  Nothing on behalf of the

12:41:25 15   Government, Your Honor.

16             MS. KUCHARSKI:  Nothing further, Your Honor.

17             THE COURT:  Okay.  Thank you.

18        We're adjourned then on this -- on this matter.

19                         - - -

20        (Proceedings concluded at 12:41 p.m.)

21

22             **C E R T I F I C A T E**

23        I certify that the foregoing is a correct transcript
    of the record of proceedings in the above-entitled matter
24   prepared from my stenotype notes.

25        */s/ Sarah E. Nageotte*              *1/29/2016*
         SARAH E. NAGEOTTE, RDR, CRR, CRC          DATE