IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15CR323 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID K. TURNER, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM ON U.S.S.G. SECTION |
| Defendant. | ) | 4B1.5(B) REPEAT AND DANGEROUS |
| | | SEX OFFENDER AGAINST MINORS |

Now comes the United States of America, through its counsel, Carole S. Rendon, Acting United States Attorney, and Brian McDonough, Assistant United States Attorney, and respectfully submits to this Court its sentencing memorandum on United States Sentencing Guideline Section 4B1.5(b) Repeat and Dangerous Sex Offender Against Minors in the attached Memorandum.

Respectfully submitted,

CAROLE S. RENDON
Acting United States Attorney

By: /s/ Brian M. McDonough
Brian M. McDonough (OH: 0072954)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3965
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov

MEMORANDUM

United States Sentencing Guideline Section 4B1.5 applies to offenders whose offense of conviction is one of the "covered sex crime[s]" committed against a minor and who present a continuing danger to the public. §4B1.5, comment. (n.2), (background). The "covered sex crime[s]" relevant to this primer are offenses (including attempt and conspiracy to commit the offense), perpetrated against a minor, under chapter 110 of title 18 (not including trafficking in, receipt of, or possession of, child pornography or a recordkeeping offense), and chapter 117 of title 18 (not including transmitting information about a minor or filing a factual statement about an alien individual, or 18 U.S.C. § 1591).

For purposes of this guideline, the term "minor means an individual (including fictitious individuals and law enforcement officers) who had not attained the age of 18 years (or who was represented to have not attained the age of 18 years). See § 4B1.5, comment. (n.1).

**Turner qualifies for the 5-level enhancement under United States Sentencing Guideline Section 4B1.5(b) for his pattern of activity involving prohibited sexual conduct.**

Section 4B1.5(b) applies when the defendant's instant offense of conviction is a covered sex crime, §4B1.1 (Career Offender) does not apply, and the defendant has engaged in a pattern of activity involving prohibited sexual conduct. "Prohibited sexual conduct" means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), the production of child pornography, or trafficking in child pornography only if, before the commission of the instant offense, the defendant had been convicted for that trafficking in child pornography. It does not include receipt or possession of child pornography. §4B1.5, comment. (n.4(A)).

For purposes of this subsection, a defendant is engaged in a "pattern of activity" if, on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.

2

§4B1.5, comment. (n.4(B)(I)). An "occasion of prohibited sexual conduct" can be considered for purposes of this subsection without regard to whether the conduct occurred during the course of the instant offense or whether there was a conviction for the conduct that occurred on that occasion. §4B1.5, comment. (n.4(B)(ii)). Thus, by its terms (and unlike subsection (a)), a previous conviction is not required for an enhancement under subsection (b). See United States v. Broxmeyer, 699 F.3d 265 (2d Cir. 2012), cert. denied, 133 S. Ct. 2786 (2013). Courts have held that un-adjudicated conduct that occurred while the defendant was a juvenile can be a predicate under this subsection. See United States v. Phillips, 431 F.3d 86 (2d Cir. 2005) (upholding the application of §4B1.5(b) where the defendant—who was being sentenced for a conviction for producing child pornography—had engaged in sexual conduct with the victim in the offense of conviction and had engaged in one instance of unadjudicated sexual conduct with another minor victim when the defendant was a juvenile).

If subsection (b) applies, the base offense level is first determined under Chapters Two and Three. 5 levels are then added to become the new offense level, unless the resulting offense level is less than 22. If the resulting offense level is less than 22, the new offense level shall be 22, decreased by the number of levels corresponding to any applicable adjustment under §3E1.1 (Acceptance of Responsibility).

The criminal history category determined under Chapter Four, Part A is the criminal history category applicable for the offense.

Section 4B1.5(b)(1) specifically states that the enhancement is to be added to the offense levels determined under Chapters Two and Three. Thus, the guidelines intend the cumulative application of most enhancements in conjunction with §4B1.5. See United States v. Rothenberg, 610 F.3d 621 (11th Cir. 2010) (holding application of the 5-level enhancement under

3

§2G2.2(b)(5) and the 5-level enhancement under §4B1.5(b)(1) was appropriate where the defendant had two different online conversations with other adults in which he coached the adults on how to sexually abuse minors); United States v. Fadl, 498 F.3d 862 (8th Cir. 2007) (holding that the district court's application of both §2G2.1(d)(1) and §4B1.5(b) did not constitute impermissible double-counting because "[t]he application of § 2G2.1(d)(1) punished [the defendant] 'for exploiting[ ] different minors, while the § 4B1.5(b) enhancement punished him for exploiting those minors on multiple occasions'") (citation omitted); United States v. Schmeilski, 408 F.3d 917 (7th Cir. 2005) (same); United States v. Peck, 496 F.3d 885 (8th Cir. 2007) (same); see also United States v. Von Loh, 417 F.3d 710 (7th Cir. 2005) (finding no impermissible double-counting where the district court did not group the counts and imposed enhancements under §3D1.4 and §4B1.5).

Here, Turner qualifies as a repeat and dangerous sex offender against minors under section 4B1.5(b). His instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and he has engaged in a pattern of activity involving prohibited sexual conduct. "Prohibited sexual conduct" means any offense described in 18 U.S.C. § 2426(b)(1)(A) (any offense under Chapter 117).

First, Turner admitted to engaging in prohibited sexual conduct with the victim. The first instance of prohibited sexual conduct was multiple acts of vaginal intercourse followed by anal intercourse. PSR ¶ 16. Afterward, there was a break in time. PSR ¶ 42. According to Turner, they left the motel to get something to eat. Id. Later, Turner showered to be clean for the victim. Turner and the victim then engaged in a second instance of prohibited sexual conduct: oral intercourse (fellatio). Id. Turner filmed the act and sent it via Facebook to an adult female he knew. Id.

4

5

Alternatively, Turner's history has shown that he has engaged in a pattern of activity to have prohibited sexual conduct with underage girls. PSR ¶ 94. In 2014, he contacted a 15-year-old girl via Facebook, claimed to be dying of lung cancer, and wanted to "have relations with her" before he died. Id. He became angry when the girl stated that she had a boyfriend. Id. The 15-year-old girl's family blocked Turner from contacting the victim via Facebook. Id. Turner's Facebook communications with the 15-year-old girl constitutes the offence of Coercion and Enticement under 18 U.S.C. § 2422(B), a Chapter 117 offense.

Given Turner's conduct in the instant offense, or alternatively, his prior conduct, he qualifies for the five-point enhancement under U.S.S.G. § 4B1.5(b), Repeat and Dangerous Sex Offender Against Minors.

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Brian M. McDonough
Brian M. McDonough
Assistant U.S. Attorney