IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15CR323 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID K. TURNER, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S OBJECTIONS TO PSR |
| Defendant. | ) | PARAGRAPHS 47, 54, AND 60. |

Now comes the United States of America, through its counsel, Carole S. Rendon, Acting United States Attorney, and Brian McDonough, Assistant United States Attorney, and respectfully submits to this Court its response to defendant David K. Turner's objections to PSR paragraphs 47, 54, and 60 for the reasons in the attached Memorandum.

                                                                Respectfully submitted,

                                                                CAROLE S. RENDON
                                                                 Acting United States Attorney

By:   /s/ Brian M. McDonough
           Brian M. McDonough (OH: 0072954)
           Assistant United States Attorney
           United States Court House
           801 West Superior Avenue, Suite 400
           Cleveland, OH 44113
           (216) 622-3965
           (216) 522-2403 (facsimile)
           Brian.McDonough@usdoj.gov

MEMORANDUM

I. **Turner's offenses in Count 1: Sexual Exploitation of a Minors and Count 4: Distribution should group together while his offenses in Count 2: Coercion and Enticement and Count 3: Travel with Intent should not be grouped under U.S.S.G. § 3D1.2 because the offenses contain separates harms as noted in PSR ¶ 47.**

"Sentencing a defendant convicted of multiple counts can be tricky." United States v. Bivens, 811 F.3d 840, 842-43 (6th Cir. 2016). "The introductory comments to the guidelines illustrate the tension." Id. "They say that (1) the judge should "provide incremental punishment" for meaningfully different criminal conduct, and (2) the judge should avoid relying on the formalisms of a prosecutor's "charging decision" to punish the defendant two (or more) times for "substantially identical" conduct." Id. ch. 3, pt. D, introductory cmt. Id. "The guidelines' "grouping" rules seek to strike the balance." Id. "They require courts to group together all counts that "involv[e] substantially the same harm," id. § 3D1.2, with the guidelines then requiring group-by-group, not count-by-count, sentencing calculations, see id. §§ 3D1.3, 3D1.4." Bivens, 811 F.3d at 842-43.

"Counts "involv[e] substantially the same harm," the guidelines explain, in four situations." Id. "The one at issue requires courts to group counts that involve the same victim, the same purpose, and the same harm." Id. "In the words of the guidelines, each group must contain all counts that "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." Id. § 3D1.2(b)." Id. "Adding some flesh to these bones, the application notes say that grouping is appropriate only if multiple counts are "part of a single course of conduct" and "represent essentially one composite harm to the same victim." Id. § 3D1.2 cmt. n. 4." Id.

Here, Count 1: Sexual Exploitation of a Minor and Count 4: Distribution should group together while Turner's offenses in Count 2: Coercion and Enticement and Count 3: Travel with

2

Intent should not be grouped under U.S.S.G. § 3D1.2 because the offenses contain separates harms.

In coercing and persuading the victim to engage in multiple acts of illicit sexual conduct Turned harmed her in a different way than recording the sexually explicit act and distributing it to a third party.  The harm inflicted by those two incidents in turn differed from Turner's decision to cross state lines to pick up the victim, have her run away from home with him, engage in sex, and plan to travel to Wyoming.  The conduct underlying each of these counts amounted to a "separate instance" of harm to the victim.  Even if the same act is repeated during an ongoing, continuous pattern of criminality between a single defendant and his victim, each act usually amounts to a fresh harm the victim must face anew. See, e.g., United States v. Von Loh, 417 F.3d 710, 713–14 (7th Cir.2005).  The text of § 3D1.2(b) and its application note notes that the focus of the provision is on the separate harms that Turner caused the victim to suffer. His state of mind and his belief that he, a man in his mid-twenties, was in a "relationship" with an early adolescent is absurd. See Von Loh, 417 F.3d at 714.  Accordingly, this Court should properly decline to group the counts other than as reflected in the PSR:  Counts 1 and 4, Sexual Exploitation of a Minor and Distribution grouped together, while Count 2: Coercion and Enticement and Count 3: Travel with Intent to Engage in Illicit Sexual Conduct did not.

**II.    Turner's two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B)(ii) in PSR ¶54 is applicable.**

The application of the use of computer enhancement for the production of the images could not be more apt than as applied in this case. It's textbook.  How else could a homeless man in Tennessee (PSR ¶136) have (1) contacted a 14 year-old in Ohio (PSR ¶14); (2) manipulated her to send nude images of herself to him (PSR ¶18); (3) transmitted nude images of himself to her (PSR ¶18); (4) manipulated her to send her earned babysitting money to him for bus fare

3

(PSR ¶42); and (5), convinced her to run away from home with him (PSR ¶15) and live in a threesome relationship with a woman from Wyoming (PSR ¶19)?  Without the use of a computer, this scheme would have failed at many corners.  Turner's use of the computer made possible the production and distribution of the visual depictions of sexually explicit conduct.  But for his use of a computer, these offenses involving the 14–year old victim in this case would not have occurred.  United States v. Kisling, No. 1:14CR0157, 2015 WL 5055512, at *3 (N.D. Ohio Aug. 25, 2015).

**III.     Turner's two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B) in PSR ¶60 is applicable because Turner unduly influenced the victim to engage in prohibited sexual conduct.**

The Sentencing Guidelines advise courts to increase the sentence of a defendant who "unduly influenced a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(B). A criminal's influence over a minor counts as "undue" if it "compromise[s] the voluntariness of the minor's behavior." Id. cmt. n.3(B). Turner's influence over the victim passes this test with ease. A rebuttable presumption of undue influence arises when the criminal is at least ten years older than the minor. Id.  Turner was ten years older than the victim and in addition manipulated her. He started their relationship online, led her to think of him as her boyfriend, and encouraged her to run away from her family.  Turner preyed upon her status as a prior victim of sexual abuse, convinced her to send him her babysitter's money, and claimed her as his "wife" along with adult woman in Wyoming.  To top it off, he planned to take the victim hundreds of miles away from her home to Wyoming to live in a threesome relationship with the adult woman. Turners conduct qualifies as compromising the voluntariness of the victim's behavior.  The undue-influence enhancement "is not limited to force, fraud, or coercion." United States v. Willoughby, 742 F.3d 229, 241 (6th Cir.2014). It also reaches "manipulating" and "preying

4

upon" a vulnerable victim, id.— which is what Turner did here. <u>United States v. Reid</u>, 751 F.3d 763, 768 (6th Cir.), reh'g denied (June 18, 2014), cert. denied, 135 S. Ct. 766, 190 L. Ed. 2d 638 (2014).

## <u>CONCLUSION</u>

For the above reasons, the government requests that this Court overrule Turner's objections to PSR paragraphs 47, 54, and 60.

CERTIFICATE OF SERVICE

  I hereby certify that on this 29th day of April 2016, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

              /s/ Brian M. McDonough
              Brian M. McDonough
              Assistant U.S. Attorney