**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 5:15-CR-323 |
| Plaintiff, | : : | |
| | : | JUDGE DAN A. POLSTER |
| -vs- | : : | |
| | : | **DEFENDANT DAVID TURNER'S** |
| DAVID K. TURNER, | : | **SENTENCING POSITION** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Defendant David Turner, through counsel, respectfully submits the instant Sentencing Position Memorandum, pursuant to this Court's May 5, 2017 Minute Order.

> Respectfully submitted,
>
> STEPHEN C. NEWMAN
> Federal Public Defender
> Ohio Bar: 005192
>
> */s/ CAROLYN M. KUCHARSKI*
> Assistant Federal Public Defender
> Ohio Bar: 0062119
> */s/ CATHI ADINARO*
> Attorney at Law
> Ohio Bar: 0088731
> 1660 West Second Street, #750
> Cleveland, OH 44113
> (216)522-4856 Fax:(216)522-4321
> E-mail: carolyn_kucharski@fd.org
> E-mail: cathi_adinaroi@fd.org
>
> Counsel for Defendant David K. Turner

**MEMORANDUM**

I. **Introduction**

Defendant David Turner, Jr. pleaded guilty to: (1) one count production child pornography, in violation of 18 U.S.C. § 2251(a); (2) one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b); (3) one count of traveling to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); and (4) one count of distribution of child pornography, in violation of § 2252(a)(2). The production charge carries a statutory mandatory minimum sentence of 180 months (15 years) of imprisonment. There was no plea agreement in this case.

At Mr. Turner's original sentencing, this Court grouped the offenses and determined his applicable Guidelines range was 210 to 262 months, with a total offense level 37 and a criminal history category I. (Dkt. 43: Sent. Tr., PageID 369). The Court relied on this Guidelines range and imposed a sentence of 238 months, with a lifetime of supervision. (Dkt. 35 & 43: Sent. Tr., PageID 385) ("I'm going to give you a sentence in the middle of the advisory range."). Mr. Turner appealed.

On appeal, Mr. Turner argued this Court erred in applying sentencing enhancements for undue influence and using a computer for the purpose of producing sexually explicit material and that the Court imposed a sentence that was procedurally and substantively unreasonable. The Sixth Circuit concluded it was not error to apply the enhancement for undue influence but that "the district court provided inadequate explanation for the [use of computer] enhancement." *United States v. Turner*, __F. App'x __, 2017 WL 1541198, *5 (May 1, 2017). The Sixth Circuit vacated Mr. Turner's sentence and remanded for resentencing. It did not reach the issue of whether the sentence imposed was reasonable. Mr. Turner is now before this Court for resentencing.

On remand, this Court ordered an updated Presentence Investigation Report ("PSR"). The updated report again incorrectly applies a two-level use of computer enhancement under U.S.S.G.

§2G.2.1(b)(6)(B)(ii). The report also now recommends the application of a five-level pattern of abuse enhancement, which was not applied at the original sentencing. Mr. Turner objects to these two enhancements.

## II.  The two-level enhancement under §2G2.1(b)(6)(B)(ii) is not applicable.

Mr. Turner objects to the two-level enhancement under §2G2.1(b)(6)(B)(ii). (Dkt. 52: PSR ¶ 59). This provision, in relevant part, applies "[i]f, for the purpose of producing sexually explicit material . . ., the offense involved . . . the use of a computer . . . to . . . solicit participation with a minor in sexually explicit conduct." §2G2.1(b)(6)(B)(ii). There is no evidence David used a computer to solicit N.M. to participate in sexually explicit conduct for the purpose of producing child pornography. The probation department erroneously concludes that this enhancement applies because David sent a text message to an adult female to engage in a threesome with the minor victim. (Dkt. 52: PSR, ¶ 59).

Mr. Turner sent a video by text message to Erain, an adult female. "Subsection (b)(6)(B) is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G2.1, cmt. 4(B). Mr. Turner's text message of the video to another adult was not a communication to another minor or to a person who exercised custody, care or supervisory control over a minor. Moreover, even assuming he was soliciting an adult for a future "threesome," there is no evidence this communication was for the purpose of producing sexually explicit material. For all of these reasons, the two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B)(ii) does not apply.

### III. This Court should decline to apply the Repeat and Dangerous Sexual Offender enhancement.

Under U.S.S.G. §4B1.5(b)(1) a five-level enhancement applies if the "defendant engaged in a pattern of activity involving prohibited sexual conduct." This enhancement does not require the abuse of multiple victims, *see United States v. Brattain*, 539 F.3d 445, 447-448 (6th Cir. 2008), but it does require "prohibited sexual conduct [ ]  on at least two separate occasions." U.S.S.G. §4B1.5, cmt. n. 4(B)(i).

The government has waived the argument that this enhancement applies.  At his original sentencing, the government argued this enhancement applied based on the multiple counts in the indictment or, alternatively, based on prior allegations of misconduct in Wyoming. The parties briefed the issue and the Court conducted a hearing. This Court held the U.S.S.G. §4B1.5(b)(1) enhancement did not apply in this case because: (1) the multiple counts in the Indictment did not satisfy the separate occasion requirement, and (2) the allegations from Wyoming were insufficient to meet the "prohibited sexual conduct" requirement. The government did not appeal this Court's decision. Applying this enhancement on resentencing effectively punishes Mr. Turner for wining his appeal and rewards the government for sitting on its hands.

Should this Court determine the Government has not waived the application of this enhancement, Mr. Turner respectfully requests this Court again decline to apply the enhancement based on the facts in the case.

On June 9, 2015, Mr. Turner travelled to Ohio to meet N.M. This was the first and only time the two met in person. They spent the night in a hotel. The following day, they checked out of the hotel and went to the bus station. They had tickets to Columbus. Before they boarded the bus, Mr. Turner was arrested. While there is evidence Mr. Turner had sex with N.M. multiple times during the one night they spent together, they were together no more than 24 hours. This does not

4

qualify as "separate occasions" for the purpose of the Repeat and Dangerous Sexual Offender enhancement. Therefore, the five level enhancement under §4B1.5(b)(1) does not apply.

### IV. A Sentence that is Sufficient but Not Greater than Necessary.

Mr. Turner reiterates the sentencing arguments he made in his original sentencing memorandum. (Dkt. 19). Additionally, Mr. Turner respectfully requests permission to submit evidence of N.M.'s sexually explicit text messages with another adult female. The Court denied his request to discuss these messages at the original sentencing, concluding the messages had nothing to do with Mr. Turner. However, these messages are important because the allegation was that N.M. was manipulated and unaware of his other relationships. (Dkt. 21: PSR, PageID 210). While the messages are not a legal defense to the charges, they are important to understanding the nature and circumstances of the offense, *see* 18 U.S.C. § 3553(a)(1), and the district court's failure to consider these messages at the original sentencing was erroneous.

### V. Conclusion

Mr. Turner respectfully requests the Court impose a sentence of 180 months. For the reasons discussed above, this sentence is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 005192

*/s/ CAROLYN M. KUCHARSKI*
Assistant Federal Public Defender
Ohio Bar: 0062119

        */s/ CATHI ADINARO*
        Attorney at Law
        Ohio Bar: 0088731
        1660 West Second Street, #750
        Cleveland, OH 44113
        (216)522-4856   Fax:(216)522-4321
        E-mail: carolyn_kucharski@fd.org
        E-mail: cathi_adinaroi@fd.org


        Counsel for Defendant David K. Turner


## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2017, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        Respectfully submitted,

        */s/ CAROLYN M. KUCHARSKI*
        Assistant Federal Public Defender
        Ohio Bar: 0062119

        Counsel for David K. Turner