IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15CR323 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID K. TURNER, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM. |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Brian McDonough, Assistant United States Attorney, and respectfully submits this memorandum setting forth the United States' position regarding the sentencing enhancements for the resentencing of Defendant David K. Turner.  The United States agrees with the Revised Presentence Investigation Report and requests this Court to sentence Turner to prison within the applicable Guidelines range in this case.

                                                                  Respectfully submitted,

                                                                   JUSTIN E. HERDMAN
                                                                   United States Attorney

                                  By:   /s/ Brian M. McDonough
                                                  Brian M. McDonough (OH: 0072954)
                                                  Assistant United States Attorney
                                                  United States Court House
                                                  801 West Superior Avenue, Suite 400
                                                  Cleveland, OH 44113
                                                  (216) 622-3965
                                                  (216) 522-2403 (facsimile)
                                                  Brian.McDonough@usdoj.gov

MEMORANDUM

**I. Statement of the Case**

    A. <u>Procedural History</u>

On August 25, 2015, a federal grand jury returned a four-count indictment charging defendant-appellant David Turner with sexual exploitation of a minor by production of sexually explicit conduct in violation of Title 18, United States Code, § 2251(a); coercion and enticement of a minor to engage in sexual activity in violation of Title 18, United States Code, § 2422(b); travel with intent to engage in illicit sexual conduct in violation of Title 18, United States Code, § 2423(b); and, distributing a visual depiction of a real minor engaged in sexually explicit conduct in violation of Title 18, United States Code, § 2252(a)(2). (R. 1:  Indictment, PageID 1-3).  He pleaded guilty without a plea agreement. (R. 21:  Presentence Investigation Report, PageID 205).  His advisory Guidelines range was 210-262 months' imprisonment. (R. 43: Sentencing Hearing Tr., PageID 369).  The Court sentenced him to 238 months of imprisonment on counts 1, 3, and 4, concurrent to 120 months on count 2; lifetime supervised release, and a $400 special assessment. (R. 35:  Judgment, PageID 323-24, 326).

From the Court's July 1, 2016 judgment (<u>id.</u>), Turner filed a timely notice of appeal on July 8, 2016. (R. 36:  Notice of Appeal, PageID 332).  The United States Court of Appeals for the Sixth Circuit affirmed the undue influence sentencing enhancement but vacated the sentence and remanded it for <u>de novo</u> resentencing because the record was not clear as to reasons for applying the use-of-computer enhancement. (Case No. 16-3838, Opinion, R. 32-1, Page 1).

    B.  <u>Factual History</u>

On July 9, 2015, Turner traveled from Tennessee to Ohio by bus for the purpose of engaging in illicit sexual conduct with a 14-year-old girl who he met on the social media application Facebook six months earlier. (R. 21:  Presentence Investigation Report, PageID 206-

2

07). Before his travel, he discussed having sex with the victim online and used his cell phone to send nude photos of himself to her. (Id., PageID 207). Additionally, he told the victim that he wanted her to engage in a threesome sexual relationship with him and an adult female named Erian. (Id.).

When the victim was nine years old, an extended family member sexually abused her. (Id., PageID 210). The victim was quite emotionally vulnerable and in a psychological state of despair when she first met Turner online. (Id., PageID 210). Since Turner was unemployed, he manipulated the emotionally vulnerable victim into sending him her babysitting money so that he could buy a bus ticket to Ohio. (Id., PageID 210). Once in Ohio, he engaged in multiple acts of sexual intercourse with the victim at a motel. (Id.). He video recorded one of the sexual acts with the victim on his smartphone (a computer) and sent the video to Erian using the Facebook Messenger application. (Id., PageID 209).

At sentencing, Turner faced an advisory Sentencing Guidelines range of 210-262 months of imprisonment. (R. 14: Presentence Investigation Report, PageID 63).

In mitigation, defense counsel explained that Turner had an extensive history of emotional, physical and sexual abuse at the hands of his parents. (R. 43: Sentencing Hearing Tr., PageID 374). Consequently, he suffered from depression, low self-esteem, significant mental health issues, and an emotional disability. (Id., PageID 375). Turner addressed the district court and argued that when he had sex with the victim, she was only four days away from turning 15. (Id., PageID 377).

The Court found Turner's total offense level after acceptance of responsibility to be 37 and found his Criminal History Category to be I. (Id., PageID 369). It reviewed the thorough Presentence Investigation report, read all the memoranda, listened carefully to counsel, to

Turner, and to the victim's mother, who addressed the court at sentencing. (Id., PageID 384). The Court then discussed the § 3553(a) factors. (Id.). Under § 3553(a)(1), the district court considered the nature and circumstances of the offense and the history and characteristics of Turner. (Id.). The district court found that Turner's actions were despicable and abhorrent. (Id., PageID 385). He lured the victim; committed several sex acts with her; recorded one; and distributed it. (Id.).

Under § 3553(a)(2)(A),(B), and (C), the Court noted that there were very few crimes in the federal code that were worse than the ones Turner committed. (Id.). It concluded that Turner needed to be imprisoned for a very long time to protect the community and other young girls from his conduct and that he needed to be punished severely. (Id.). Under § 3553(a)(3), the district court noted that the mandatory minimum sentence was 15 years. (Id., PageID 384). The district court also noted Turner's traumatized upbringing as a balancing factor to consider. (Id., PageID 385).

Ultimately, the Court imposed a sentence of 238 months of incarceration for counts 1, 3, and 4, to be served concurrently with a 120-month sentence for count 2. (Id., PageID 386, 389). The Court knew the advisory Guidelines range under § 3553(a)(4) and (a)(5), stating that it was 210-262 months. (Id., PageID 374, 385). Turner appealed the sentence and challenged the sentencing enhancements for undue influence under U.S.S.G. §2G1.3(b)(2) and using a computer for the purpose of producing sexual activity. (Case No. 16-3838, Appellant's Brief, R. 28, Page 1).

The Sixth Circuit affirmed the undue influence enhancement but vacated the sentence and remanded the case because the record was not clear as to the use of a computer enhancement. (Case No. 16-3838, Opinion, R. 32-1, Page 1). The probation department prepared a revised

4

Presentence Investigation Report. (R. 52, PageID 424-455).  In the revised PSR (¶59) the probation department clarified the use of computer enhancement. (Id., PageID 435). The revised PSR (¶64) also included an enhancement under U.S.S.G.§ 4B1.5(b) based on advice from the United States Sentencing Commission. (Id., PageID 435-36).

II.     Argument

    A.     **Turner's two-level enhancement for use of a computer under U.S.S.G. § 2G2.1(b)(6)(B)(ii) is proper.**

U.S.S.G. § 2G2.1(b)(6)(B)(ii) provides for a two-level enhancement if, for the purpose of producing sexually explicit material, the offense involved the use of a computer to solicit participation with a minor in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(B)(ii).

The evidence in this case shows that Turner was a homeless man living in Tennessee (R. 52, ¶120, PageID 445) when he contacted the 14-year-old victim in Ohio (Id., ¶22, PageID 430). Turner manipulated the victim to send nude images of herself to him (Id., ¶24, PageID 430).  He transmitted nude images of himself to her (Id.).  He manipulated her to send her earned babysitting money to him for bus fare (Id., ¶48, PageID 433); and (5), convinced her to run away from home with him and attempt to eventually get to Wyoming (Id., ¶22, PageID 430).  Without the use of a computer, this scheme would have failed at many corners.

Turner used a computer to produce the visual depiction of the victim engaged in sexually explicit conduct with him.  He then forwarded the video to an adult female named Erian, with whom he wanted the victim and him to have a threesome sexual relationship.  But for his use of a computer, the production offense involving the 14–year old victim in this case would not have occurred.  United States v. Kisling, No. 1:14CR0157, 2015 WL 5055512, at *3 (N.D. Ohio Aug. 25, 2015).

5

Turner argues that sending the video to Erian, an adult, and not to the victim makes this enhancement inapplicable. (R. 54, PageID 465).  Turner's purpose of sending the video to Erian was to solicit participation with the victim in a threesome.  Turner used his computer to produce the video depicting the sexual activity with the minor and then to send the video to Erian.  The computer was a necessary tool for Turner to use to accomplish his offense conduct. Accordingly, the two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B)(ii) is proper.

### B. Turner's five-level enhancement for repeat and dangerous sex offender against minors under U.S.S.G. § 4B1.5(b) is proper.

At Turner's prior sentencing, the United States argued that Turner engaged in a pattern of activity involving prohibited sexual conduct.  The government's theory was that Turner engaged in sexual activity on at least two separate occasions.  The Court found that the evidence did not support Turner having committed any prohibited sexual conduct when he lived in Wyoming.  The Court also found that the multiple acts of prohibited sexual activity (oral, vaginal, anal) with the victim in this case occurred within a single day and although it was a close call, found the prohibited sexual conduct to be one occasion.

A remand to correct a sentencing error is a general remand for sentencing de novo. United States v. Obi, 542 F.3d 148 (6th Cir. 2008).  A district court may impose a sentencing enhancement at a resentencing that it did not impose at a previous sentencing because the district court has the power to "redo the entire sentencing process, including considering new evidence and issues." United States v. Mullet, 822 F.3d 842, 852 citing United States v. McFalls, 675 F.3d 599, 604 (6th Cir. 2012).

In the revised PSR, the probation department consulted with the United States Sentencing Commission.  The USSC advised that five-level enhancement under U.S.S.G. § 4B1.5(b) was proper on an alternate theory – Turner's conduct in Counts 1, 2, and 3.  As explained in ¶64 of

6

the revised PSR, Turner produced child pornography (Count 1).  Prior to doing so, he coerced and enticed the victim to engage in sexual activity (Count 2) and he traveled from Tennessee to Ohio to engage in illicit sexual conduct with the victim (Count 3).  Turner's conduct in Counts 2 and 3 constituted a pattern of activity.  Accordingly, the five-level enhancement under U.S.S.G. § 4B1.5(b) is proper.

## CONCLUSION

The United States agrees with the Revised Presentence Investigation Report and requests this Court to sentence Turner to prison within the applicable Guidelines range in this case.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September 2016, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Brian M. McDonough
Brian M. McDonough
Assistant U.S. Attorney