IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | CASE NO: 5:15 CR 0323 |
| ) | |
| v.   ) | Judge Dan Aaron Polster |
| ) | |
| DAVID KEITH TURNER,   ) | |
| ) | |
| Defendant.   ) | **OPINION AND ORDER** |
| ) | |

Before the Court is Defendant David Keith Turner's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). ECF Doc. 64. On September 27, 2017, Turner was resentenced to 238 months in prison after he pleaded guilty to one count of sexual exploitation of a minor, one count of coercion and enticement, one count of travel to engage in sexually explicit conduct, and one count of distribution of visual depiction of minor engaged in sexually explicit conduct. ECF Doc. 35. He is currently being held at Marion USP with an expected release date of June 29, 2032.[1]

Turner represents that he has exhausted his request for a sentence reduction. ECF Doc. 64 at 3. He moves for early release because his mother and grandmother "have health conditions that make it difficult to do things around the house and to drive to doctors' appointments. They need help and [he is] the only family member that can provide help at this time." ECF Doc. 64 at 5. He has submitted some medical records and a letter from his mother in support of his motion. However, caring for one's aging parents is not a qualifying basis for sentence reduction.

---

[1] Federal Bureau of Prisons Inmate Search as of October 20, 2021.

In the context of compassionate release, the U.S. Sentencing Commission's commentary explains that a family circumstance that may justify a reduction of a defendant's prison term is either "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 app. note 1(C).  Under this policy statement, "[c]are of parents is not a qualifying basis for early release."  *See, e.g., United States v. Henry*, No. 13-91, 2020 U.S. Dist. LEXIS 119111, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020); *see also United States v. Goldberg,* No. 12-180, 2020 U.S. Dist. LEXIS 63885, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("[T]he family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed" and "do not encompass providing care to elderly parents").  "Many, if not all inmates, have aging and sick parents.  Such circumstance is not extraordinary." *United States v. Ingram*, No. 14-40, 2019 U.S. Dist. LEXIS 118304, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019); *see also United States v. Gaskin,* No. 15-352, 2020 U.S. Dist. LEXIS 231838, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) ("[T]he desire to care for elderly parents" does not "qualify as extraordinary").

Accordingly, the Court DENIES Turner's pending Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).  ECF Doc. 64.

**IT IS SO ORDERED.**

Dated: October 20, 2021　　　　　　　　　　*/s/ Dan Aaron Polster*
　　　　　　　　　　　　　　　　　　　　　**Dan Aaron Polster**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**